**UNITED STATES DISTRICT COURT**
**Eastern District of Virginia**
**Norfolk Division**

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

        Plaintiff,

v.                                                                          CIVIL ACTION NO._____

GEORGE HINTERLEITNER,

        Serve at:     752 De Laura Lane
                            Virginia Beach, VA 23466

and

GEORGE'S PLUMBING INCORPORATED,

        Serve:       George Hinterleitner, Registered Agent
                          752 De Laura Lane
                          Virginia Beach, VA 23466

and

PAULA HAROLD,

        Serve:       4765 Whistler Lane
                          Virginia Beach, VA 23455

and

PROGRESSIVE ADVANCED INSURANCE
COMPANY,

        Serve:       CT Corporation System, Registered Agent
                          4701 Cox Road, Suite 285
                          Glen Allen, VA 23060-6808

                          Defendants.

<u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

        NOW COMES the plaintiff, Government Employees Insurance Company

(hereinafter "GEICO"), and files this Declaratory Judgment action, seeking a judicial determination that it owes no coverage with respect to the matters set out below, and that it owes neither a duty to defend nor to indemnify anyone with respect to the matters set out below:

1. Defendant Paula Harold ("Harold"), a resident and citizen of the Commonwealth of Virginia, was involved in a motor vehicle accident on January 15, 2018 ("the accident").

2. Defendant George Hinterleitner ("Hinterleitner"), a resident and citizen of the Commonwealth of Virginia, was involved in the accident.

3. At the time of the accident, Hinterleitner was operating a motor vehicle allegedly while acting within the scope and course of his employment and/or agency with the defendant George's Plumbing, Incorporated ("George's Plumbing").

4. Defendant George's Plumbing is incorporated in and has its principal place of business in the Commonwealth of Virginia.

5. Defendant Progressive Advanced Insurance Company ("Progressive") is incorporated in and has its principal place of business in the State of Ohio. On information and belief, Progressive has issued a policy of insurance to Harold, which policy contains an uninsured motorist endorsement.

6. Plaintiff Government Employees Insurance Company ("GEICO") is incorporated in and has its principal place of business in the State of Maryland. At the time of the accident, George's Plumbing was insured, subject to the terms and conditions of a business auto liability insurance policy ("the GEICO policy") issued by GEICO. The GEICO policy has per person liability limits of $100,000.00.

7.	Harold has filed suit in the Circuit Court for the City of Virginia Beach ("tort action"), there assigned Docket No. CL20-369, seeking recovery from Hinterleitner and George's Plumbing on account of injuries allegedly sustained by her in the accident, and seeking compensation in the amount of $250,000.00, exclusive of costs and interest.

8.	A dispute, an actual justiciable controversy, has arisen as to whether, and if so to what extent, either GEICO or Progressive owes Hinterleitner, George's Plumbing or Harold, a defense, indemnity or coverage with respect to the accident and tort action.

9.	Pursuant to 28 U.S.C. §1332 and 28 U.S.C. §2201, this Court has jurisdiction to enter a declaratory judgment to determine the rights and obligations of the parties with respect to insurance coverage at issue in this matter, involving diversity of citizenship and an amount in controversy that exceeds the value of $75,000.00, exclusive of costs and interest.

10.	At the time of the accident, Hinterleitner was operating a 2016 GMC/Chevy 3500 vehicle, identification number 1GB0GRFG3G1326033 ("2016 GMC/Chevy").

11.	The GEICO policy provided certain liability insurance coverage, subject to its terms and conditions, to include business auto coverage, but pursuant to those terms and conditions, the GEICO policy did not apply to nor provide coverage with respect to the 2016 GMC/Chevy, the accident and the tort action.

12.	The relevant terms of the GEICO policy are set out below:

**ITEM TWO**

**SCHEDULE OF COVERAGES AND COVERED AUTOS**
This policy provides only those coverage where a charge is shown in the premium column below.  Each of these coverages will apply only to those "autos" shown as covered "autos".  **"Autos" are shown as covered "autos" for a particular**

coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.

| COVERAGES | COVERED AUTOS | LIMIT | PREMIUM |
|---|---|---|---|
| LIABILITY | 7 | SEE ENDORSEMENT CA9277 | $ 548 |

## BUSINESS AUTO COVERAGE FORM

### SECTION I - COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description of Covered Auto Designation Symbols | |
|---|---|---|
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |

ITEM THREE
SCHEDULE OF COVERED AUTOS YOU OWN

| Covered Auto No. | DESCRIPTION Year, Model, Trade Name, Body Type Serial Number(S) Vehicle Identification Number (VIN) | PURCHASED Original Cost New | Actual Cost & NEW(N) or USED (U) | TERRITORY Town & State Where The Covered Auto Will Be Principally Garaged |
|---|---|---|---|---|
| VA1 | 2001, ISUZU NPR, 4KLB4B1RX1J805036 | | | Virginia Beach VA |

## VIRGINIA CHANGES - BUSINESS AUTO COVERAGE FORM

A. Paragraph A. **Coverage** of **Section II - Liability Coverage** is replaced by the following:

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We have the right and duty to defend any "suit" for such damages, even if the "suit" is groundless, false or fraudulent. However, we have no duty to defend "suits" for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements. In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

B. **Owned Autos You Acquire After The Policy Begins**
   2. But, if Symbol 7 is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:
      a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and
      b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

C. **Certain Trailers, Mobile Equipment And Temporary Substitute Autos**

   If Liability Coverage is provided by this coverage form, the following types of vehicles are also covered "autos" for Liability Coverage:
   1. 'Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel

5

        on public roads.
2. "Mobile equipment" while being carried or towed by a covered "auto".
3. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:
   a. Breakdown;
   b. Repair;
   c. Servicing;
   d. "Loss"; or
   e. Destruction.

13. At the time of the accident, the GEICO policy did not list, name, describe or designate the 2016 GMC/Chevy as a covered auto, nor was that 2016 GMC/Chevy an owned vehicle acquired after the policy began as defined by the GEICO policy, nor was the 2016 GMC/Chevy a vehicle that the insured requested be covered within 30 days after it was acquired, nor did the 2016 GMC/Chevy qualify as a trailer, mobile equipment or temporary substitute vehicle for any covered vehicle as those terms are defined in the GEICO policy, and thus no insurance coverage is provided by GEICO under the GEICO policy with respect to the accident, and/or the use of a 2016 GMC/Chevy on the date of the accident, or with respect to the tort action.

14. In an abundance of caution, GEICO has retained defense counsel, pursuant to a reservation of rights, to defend Hinterleitner and George's Plumbing in the tort action.

15. On information and belief, Harold is insured by defendant Progressive, and thus Progressive is potentially liable for uninsured motorist coverage with respect to the accident.

WHEREFORE, GEICO prays that the Court convene the parties and issue a determination that GEICO owes no insurance coverage under the policy with respect to the accident, and further prays for the entry of an Order reciting that GEICO has neither an

obligation to defend nor to indemnify anyone under the policy with respect to the accident and with respect to the civil action filed in Virginia Beach Circuit Court by Harold against Hinterleitner and George's Plumbing and there assigned docket no. CL20-369.

                              GOVERNMENT EMPLOYEES
                              INSURANCE COMPANY

                              By      /s/
                                  Of Counsel

Alan B. Rashkind, Esquire
Virginia State Bar No. 12658
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Circle, Suite 341B
Norfolk, Virginia 23502
Telephone: (757) 461-7100
Facsimile: (757) 461-0083
E-mail: arashkind@furnissdavis.com
counsel for Government Employees Insurance Company